IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARLENE GARDNER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0126 |
| | § | |
| STEVEN C. McGRAW, Director, | § | |
| Texas Department of Public Safety, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS APPLICATION FOR WRIT OF HABEAS CORPUS

On June 2, 2010, petitioner DARLENE GARDNER filed with this federal Court an "Application for Writ of Habeas Corpus" wherein petitioner appears to be challenging, *inter alia*, respondent's failure to renew her Texas driver's license. Petitioner contends the state agency's actions violate the Constitution by impairing "her liberty to travel the roads of Texas." Petitioner was ordered to advise the Court as to how she meets the "in custody" requirement for federal habeas corpus relief. In her response, petitioner contends she is "in custody" because respondent's failure to renew her state driver's license constitutes a restraint of her liberty.

In order to pursue federal habeas corpus relief, a petitioner must be "in custody." The "in custody" requirement is jurisdictional. While it may not be necessary for a person to be in a jail type institution or under actual physical restraint in order to obtain habeas relief, there must be a degree of sufficient restraint to meet the "in custody" requirement for federal habeas relief.

Whether someone who is not under physical constraint can be considered in custody depends on the amount of restriction placed on his or her individual liberty. *See Hensley v. Municipal Court*, 411 U.S. 345, 349 (1973). Conditions imposed which "significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do . . . are enough to invoke [habeas corpus]." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Not every restraint on liberty, however, is significant enough to meet this test.

The Fifth Circuit Court of Appeals has held that the revocation of the right to drive on a state's highways is not sufficient as a basis of a claim that an individual is "in custody" so as to allow federal courts to take habeas corpus jurisdiction under 28 U.S.C. § 2254. *Westberry v. Keith*, 434 F.2d 623, 625 (5th Cir. 1970). *See also Lillios v. New Hampshire*, 788 F.2d 60 (1st Cir. 1986) (45 day license suspension did not render petitioner "in custody" for section 2254 purposes); *Harts v. Indiana*, 732 F.2d 95, 97 (7th Cir. 1984) (one year suspension of driving privileges did not satisfy the "in custody" requirement as the suspension of driving privileges is not the sort of "'severe restraint[] on individual liberty' for which habeas corpus relief is reserved."). In this case, petitioner Gardner's "restraint" is even less. Respondent has not imposed any type of condition upon and particular to petitioner which significantly restrains petitioner's liberty, *e.g.*, respondent has not revoked or suspended petitioner's driving privileges in response to petitioner's actions. Rather, respondent has simply failed to renew such privileges due to petitioner's non-compliance with administrative rules regarding the issuance of driver's licenses. Respondent has not taken affirmative action to place restrictions on petitioner's privilege to drive the state's highways. Respondent's "across the board" requirement that an applicant provide proof of citizenship or lawful residency in order to obtain or renew a driver's

license is simply a condition shared by the public generally and does not amount to any sort of supervisory control over petitioner by state officials. *See Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Even if petitioner could show the state's refusal to renew her driver's license equaled a suspension, the Fifth Circuit Court of Appeals has held that the state's revocation of the right to drive on its highways is not sufficient to form the basis of a claim that an individual is "in custody" so as to allow federal courts to take habeas corpus jurisdiction under 28 U.S.C. § 2254. Clearly, the failure to renew an individual's driver's license is not sufficient to render that individual "in custody" for federal habeas corpus purposes.

Petitioner does not meet the custody requirement necessary for federal habeas relief. Consequently, this Court is without jurisdiction and the instant petition should be dismissed.[1]

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DARLENE GARDNER be, in all things, DISMISSED.

IT IS SO RECOMMENDED.

ENTERED this 20th day of July, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[1] As this Court does not have jurisdiction in this case, the undersigned does not address any failure of petitioner to exhaust state remedies prior to seeking federal habeas corpus relief.

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).